**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVER SCHAPER, AKA Oliver Dr. Schaper, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-74113 <br><br> Agency No. A098-957-911 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Oliver Schaper, a native and citizen of Germany, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his motion to reopen removal

proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion the denial of a motion to reopen, *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Schaper's challenges to the IJ's June 4, 2010, order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture because Schaper did not file a petition for review of that order. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

The BIA did not abuse its discretion in dismissing Schaper's appeal from an IJ's denial of his motion to reopen because he failed to establish that it was based on evidence that was not available and could not have been discovered or presented at the former hearings. *See* 8 C.F.R. § 1003.23(b)(3); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (agency may deny a motion to reopen for failure to introduce previously unavailable evidence). We reject Schaper's contention that the IJ and/or BIA failed to evaluate his evidence.

Finally, we deny Schaper's request for remand based on his marriage to a U.S. citizen. *See* 8 C.F.R. § 1003.2(c)(1).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See*

12-74113

*Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

12-74113